UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THOMAS JEWELL CARR

Plaintiff,

v.

JUDGE MITCH PERRY *et al.*

Defendants.

Civil Action No. 3:20-CV-P169-CHB

**MEMORANDUM OPINION**

*** *** *** ***

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Thomas Jewell Carr leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I. SUMMARY OF COMPLAINT**

Plaintiff is a pretrial detainee incarcerated at the Louisville Metro Department of Corrections. He brings this suit against four Defendants – Honorable Judge Mitch Perry; "Metro Government"; Andrew Reinhardt, "Commonwealth Prosecutor"; and Ashlea N. Hellman, "Private-Attorney." He sues the individually named Defendants in both their official and individual capacities.

Plaintiff makes the following allegations:

> My 1st, 5th & 8th constitutional rights (Bill of Rights) has been violated in the process of a criminal proceeding. (Retaliation; Obstruction of Justice; official-misconduct, violation of Due-Process; Neglect; Organized Crime) (Cruel & Unusual Punishment)
>
> On or about July 8, 2019, Honorable Judge Mitch Perry appointed a "Private-Counselor" (Ashlea Hellman) to my criminal case after witnessing "conflict" between myself and my previous Attorney [] inside his courtroom; as well hearing

Prosecutor Andrew Reinhardt make a arguing complaint about it being "bias" if he called "Officials" to testify at trial against me exposing/expressing that I had filed "federal-charges" against other Judges, prosecutor, officers and now due to the facts I am being mentally tampered with/manipulated & retaliated against as well as deprived of freedom due to Cruel & Unusual Punishment.

Honorable Judge Mitch Perry has denied and/or restricted me from any & all legal representation as well as giving me "false-Court-orders for release"; followed by "stripping" me of these court-orders by stating quote: "I did not know he could not have work release while on (phone-restriction); I am not gonna reinstate phone-privales, instead cancel court-order given for CCC-work release on December 19, 2019 & January 31, 2020!" I have done nothing wrong for my pre-trial release to have been stripped!

On January 31, 2020; Honorable Judge Mitch Perry, (threatened me) in his courtroom on record stating: "If I write him again about not having anyway to contact & speak with (private-Attorney) about details in my criminal-proceeding without breaking confidentiality or write him as my Judge about ANYTHING; he "threatened" to charge me with contempt!" Judge Mitch Perry appointed "Private-counselor"; who's law firm do not accept collect-Jail calls; made Court-Order to take my phone privilages (Phone-Restriction) I can't even call "family members" or Anyone "outside" Alleged-victim (including Private-Attorney); and "threatened too add additional charge's" against me if I informed him of troubling issues & conflict with Private-Attorney ignoring all messages left to visit, redocket or file any motions. My 1st constitutional rights to exercise freedom to be heard has been "fully-restricted" & due to Honorable Mitch Perry Placing me on "Phone-Restriction" between month's of July & Sept. 2019; Judge Perry used that court-order for "Cruel and Unusual Punishment" to "deprive me of the freedom" he gave me on Dec. 19, 2019, & Jan. 31, 2020 for "CCC-work release" violating my 8th Amendment Right. (Private-Attorney ignore/neglect me & prosecutor harass & intimidate my witness with "Previous case photos."

*Improperly Joined for indictment: (Judge Also denied motion to "sever" counts in indictments [] originated in Jefferson County district court and has "fraudelently" indicted (Together) when charges are "Un-related clearly"; separate victims, separate location, separate timing!)…

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "federal charges exonerated."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under

§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. *Younger* Abstention

As the complaint makes clear, all of Plaintiff's claims relate to ongoing state-court criminal proceedings. There is "a strong judicial policy against federal interference with state criminal proceedings." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975). Thus, when a federal action deals with issues involved in a state-court proceeding, the federal court must abstain until the conclusion of the state proceeding, absent extraordinary circumstances. *James v. Hampton*, 513 F. App'x 471, 473-74 (6th Cir. 2013) (citations omitted). The Supreme Court first considered the propriety of federal-court intervention in pending state criminal prosecutions in *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention is not a question of jurisdiction, but is rather based on 'strong policies counseling against the exercise of such jurisdiction.'" *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)). Further, the *Younger* abstention doctrine may be raised sua sponte by the court or by the parties. *See O'Neill*, 511 F.3d at 642.

"The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the

state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). If the three *Younger* criteria are satisfied, the court should abstain from interfering "unless there is a showing of bad faith, harassment, or another extraordinary circumstance that makes abstention appropriate." *Graves*, 534 F. App'x at 406 (citing *Am. Family Prepaid Legal Corp.*, 498 F.3d at 332).

      The Commonwealth of Kentucky clearly has an important interest in adjudicating Plaintiff's criminal action. Moreover, Plaintiff has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. If he is ultimately convicted in the trial court, he still has a number of state-court remedies available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court. In addition, Plaintiff alleges no unusual or extraordinary circumstances sufficient to warrant federal intervention at this time. *See also Am. Family Prepaid Legal Corp*, 498 F.3d at 334 ("Abstention is appropriate unless state law clearly bars the interposition of the constitutional claims.") (citation omitted); *Battle v. O'Malley*, No. 15-7037 (KM) (JBC), 2015 U.S. Dist. LEXIS 157739 (D.N. J. Nov. 23, 2015) (dismissing under *Younger* claim that prosecutor withheld exculpatory evidence for the reasons set forth in this paragraph).

      Thus, the Court will abstain from deciding any claims raised by Plaintiff in his complaint and dismiss them without prejudice to being raised at the proper time.

**B. Other Grounds for Dismissal**

Even if the Court did not abstain from deciding the claims raised by Plaintiff in light of the *Younger* abstention doctrine, the complaint would still be subject to dismissal for the following reasons.

**1. Defendant Metro Government**

When a § 1983 claim is made against a municipality, such as the Louisville Metro Government, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, there is no indication that any alleged injury to Plaintiff was caused by a custom or policy implemented or endorsed by the Louisville Metro Government. Thus, any

claim against the Metro Government is subject to dismissal for failure to state a claim upon which relief may be granted.

**2. Defendants Judge Perry and Commonwealth Attorney Reinhardt**

**a. Official-Capacity Claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Because Defendants Judge Perry and Attorney Reinhardt are employees of the Commonwealth of Kentucky, any claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state officer in his official capacity, he fails to allege a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169; *see also Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 U.S. App. LEXIS 4035, at *2 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

Therefore, Plaintiff's official-capacity claims for damages against Defendants Judge Perry and Attorney Reinhardt are subject to dismissal for failure to state a claim upon which

relief may be granted and because they seek monetary relief from Defendants immune from such relief.

**b. Individual-Capacity Claims**

Plaintiff's individual-capacity claims against Defendants Judge Perry and Attorney Reinhardt are also subject to dismissal because these Defendants enjoy immunity for their alleged actions in Plaintiff's state-court criminal action. As to Judge Perry, "[i]t is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). And with regard to Defendant Attorney Reinhardt, prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).

Thus, because Plaintiff's allegations against Defendant Judge Perry relate solely to actions taken in his judicial capacity and Plaintiff's allegations against Defendant Reinhardt relate solely to his conduct in his role as an advocate for the Commonwealth, Plaintiff's individual-capacity claims against both are subject to dismissal for failure to state a claim upon which relief may be granted.

**3. Defendant "Private-Attorney" Hellman**

Plaintiff alleges that Defendant Hellman is the "private-attorney" representing him in his state-court criminal action. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)). While an exception exists if an attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984) Plaintiff has not set forth facts sufficient to state a conspiracy claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). Plaintiff, therefore, fails to state a § 1983 claim against Defendant Hellman.

**4. Injunctive Relief**

Finally, the Court turns to Plaintiff's request for injunctive relief. As noted above, in addition to compensatory and punitive damages, Plaintiff seeks "federal charges exonerated." It is unclear whether Plaintiff has federal charges pending against him, but even if he does, this request for injunctive relief would be subject to dismissal because it has no relationship to the allegations set forth in the complaint regarding Plaintiff's state-court criminal action. Moreover, to the extent that Plaintiff meant to request dismissal of his state-court charges, as indicated above, this Court has no authority to interfere in state-court criminal proceedings to dismiss pending charges, except in very limited circumstances not present in the instant case. *Younger v. Harris*, 401 U.S. 37; *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996). Moreover, to the extent that Plaintiff's requests release from custody, this is not an available remedy under § 1983. Indeed, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a

determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[1] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Thus, Plaintiff's request for injunctive relief will also be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: April 21, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Plaintiff, *pro se*
Defendants
A958.011

[1] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).